```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/21

Korin Rutledge,

                Plaintiff,

      –v–

Haru Inc., *et al.*,

               Defendants.

20-cv-7641 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Korin Rutledge brings this action against Defendants Haru, Inc. and PSA 85 Avenue A Associates, L.P. under the Americans with Disabilities Act and New York State and City law. Defendants failed to appear in this proceeding and Plaintiff therefore moves for default judgment. For the reasons below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

**I. BACKGROUND**

    For the purposes of this motion, these facts, taken from Plaintiff's Complaint, are assumed to be true. Fed. R. Civ. P. 8(b)(6); *see Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Plaintiff Korin Rutledge has cerebral palsy and uses a wheelchair at all times. Compl. ¶ 6. Defendants operate a bar/restaurant located at 85 Avenue A, New York, New York 10009. *Id.* ¶¶ 7–8. Plaintiff attempted to access this property but was deterred from doing so due to barriers which prevented his access. *Id.* ¶ 20.

    On September 17, 2020, Plaintiff filed his complaint. Dkt. No. 1. Defendants were served with the summons and complaint on October 8, 2020. Dkt. No. 8. Defendants failed to answer.

*See* Dkt. No. 22 at 2. The Clerk issued a certificate of default on November 16, 2020. Dkt. Nos. 14–15. On February 21, 2021, Plaintiff filed a motion for default judgment, which the Court now considers. Dkt. No. 22.

## II. LEGAL STANDARD

Once the Clerk of Court enters a defendant's default, the defendant is deemed to have admitted well-pleaded allegations regarding liability in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). But the Court must still consider whether the alleged facts establish liability. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The legal sufficiency of the claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A party's default, moreover, "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Thus, the Court must conduct a sufficient inquiry to determine the amount of damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at an inquest hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

## III. DISCUSSION

### A. Liability

#### 1. Americans with Disabilities Act

To establish an ADA claim under Title III, a plaintiff must demonstrate "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a

2

place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d. Cir. 2008).

Plaintiff has met all three elements to establish an ADA claim. First, Plaintiff is disabled within the meaning of the ADA. 28 C.F.R. § 36.105(d)(2)(iii)(D) (including "mobility impairments requiring the use of a wheelchair" in the definition of "disability" under the ADA). Second, Defendants operate or lease a place of public accommodation, a bar and/or restaurant. 42 U.S.C. § 12181(7)(B). Third, Defendants discriminated against Plaintiff by denying Plaintiff full and equal access to the bar/restaurant.  42 U.S.C. § 12183(a)(1).  Taking the facts alleged in the Complaint as true, Plaintiff was unable to enter the bar/restaurant due to its inaccessibility. Compl. ¶ 20. As currently designed, the restaurant's entrance "deter[s] [P]laintiff from patronizing the [D]efendants' place of public accommodation." *Id.*  Plaintiff has therefore established a *prima facie* ADA claim.

2. **State law claims**

Additionally, Plaintiff brings claims under New York state law. Specifically, Plaintiff claims violations of the New York State Human Rights Law also known as New York Executive Law §§ 292 *et seq*.[1] Compl. ¶¶ 47–56. "A claim of disability discrimination under the New York State Human Rights Law . . . is governed by the same legal standards as govern federal ADA claims." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) (citation omitted). Thus, the Court also concludes that Plaintiff has stated a violation of state law.

---

[1] Plaintiff purports to bring claims under both the New York State Human Rights Law and the New York State Civil Rights Law, but the two are not separate causes of action, as the New York State Civil Rights Law is the provision of the Human Rights Law that provides for penalties. *See Dominguez v. New York Equestrian Center, Ltd.*, No. 18-cv-9799 (AJN), 2020 WL 5796275, at *3 (S.D.N.Y. Sept. 28, 2020) ("The New York State Human Rights Law is composed of the New York Executive Law §§ 292 et seq. (which provides the substance of the law) and the New York Civil Rights Law §§ 40 et seq. (which provides for penalties).").

3. City law claims

Finally, Plaintiff brings claims under New York City Human Rights Law. Compl. ¶¶ 57–70. City law is always at least as protective of plaintiffs as its state and federal counterparts—federal and state civil rights laws provide "a *floor* below which the City's Human Rights law cannot fall." *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 400 (E.D.N.Y. 2017) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)). Given the Court's conclusion that Plaintiff has stated a claim under the ADA and state law, he has also stated a claim under city law.

B. Remedies

1. Injunctive Relief

Plaintiff seeks an injunction requiring Defendants to "correct the architectural barriers" on their property. Dkt. No. 22 at 4. The ADA provides a private right of action for injunctive relief. *See* 42 U.S.C. § 12188(a)(2). Accordingly, Plaintiff's request for injunctive relief is granted. Defendants are ordered to take all necessary steps to bring their public accommodation into compliance with the ADA and its implementing regulations.

2. Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155. The court may award only those damages it can ascertain with "reasonable certainty." *Id.* Plaintiff requests $1,000 in compensatory damages under NYSHRL and NYCHRL. Dkt. No. 22 at 10. "The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer

when faced with such ignorant behavior." *Kreisler v. Second Ave. Diner Corp.*, No. 10 CIV. 7592 RJS, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), *aff'd*, 731 F.3d 184 (2d Cir. 2013). Plaintiff alleges that he was unable to enter the restaurant due to its inaccessibility. Accordingly, the Court grants Plaintiff's request.

Plaintiff also requests $500 in statutory damages under the New York State Civil Rights Law § 40-d. Dkt No. 22 at 10. Plaintiff has met the relevant prerequisites. N.Y. Civ. Rights Law § 40-d. The Court has competent jurisdiction over the bar/restaurant, which is located in New York County. Compl. ¶¶ 7–8. At the commencement of the action, Plaintiff served notice upon the Attorney General as required by Civil Rights Law § 40-d. *Id.* ¶ 74. Finally, as previously discussed, Defendants are liable under state law. For these reasons, Plaintiff may recover between $100 and $500 for each violation of New York State Human Rights Law. The Court grants Plaintiff's request for $500 in statutory damages.

### 3. Attorney's Fees

Both the ADA and city law allow a prevailing party to recover reasonable attorneys' fees. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f). In the Second Circuit, courts evaluate attorneys' fees in two parts. *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011). The court first determines the "reasonable hourly rate" for the attorney. *Id.* That hourly rate is then multiplied by the reasonable number of hours worked to calculate a "presumptively reasonable fee." *Id.* at 166. In evaluating an hourly rate, courts consider "market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Courts should consider "*all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of

attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (listing these variables). The fee applicant bears the burden of demonstrating that the requested hourly rate is reasonable and in line with prevailing rates in the community. *Adams v. N.Y. State Educ. Dep't*, 630 F. Supp. 2d 333, 348 (S.D.N.Y. 2009).

Plaintiff requests an hourly rate of $450 for his counsel's "Legal Hours." Dkt. No. 22 at 39. Plaintiff's counsel has not me his burden of establishing entitlement to this rate. A rate of $450 is either at the maximum or *above* the market rate for civil rights lawyers in the Southern District of New York. "[F]or *experienced* attorneys, hourly rates of $300-400 are unremarkable in civil rights cases in the Southern District, and . . . awards exceeding $400 per hour are only warranted in unusually difficult and complex cases." *Ortiz v. City of New York*, No. 15-CV-2206(DLC), 2020 WL 755878, at *5 (S.D.N.Y. Feb. 14, 2020), *aff'd in part, rev'd in part and remanded*, 843 F. App'x 355 (2d Cir. 2021) (emphasis added) (cleaned up). Plaintiff has not submitted evidence regarding his counsel's relevant experience or expertise nor argued that his case is unusually difficult or complex. Absent evidence justifying his counsel's entitlement to such a steep hourly rate, the Court must conclude that $450 per hour is unreasonable in this instance. The Court concludes that a rate of $300 per hour is reasonable for his counsel's work billed to "Legal Hours." *See Bowman v. Realty*, 14-CV-5423 (JMF), 2016 WL 3676669, at *4 (S.D.N.Y. July 6, 2016) (reducing the requested hourly rate of $600 to $300 for counsel who had started a "plaintiffs'-side civil rights practice" two years before the case was filed).

Plaintiff requests an hourly rate of $250 for his counsel's "Administrative Hours." Dkt. No. 22 at 39. "Attorneys engaged in clerical tasks should be compensated at the rate for clerical employees, or, if the task at issue is the type included in overhead, they should not be

compensated at all." *Tatum v. City of New York*, No. 06-cv-4290 (PGG) (GWG), 2010 WL 334975, at *9 (S.D.N.Y. Jan. 28, 2010) (cleaned up). In this district, the customary hourly rate for administrative tasks is $75 (even if performed by counsel). *Shabazz v. City of New York*, No. 1:14-CV-6417-GHW, 2015 WL 7779267, at *4 (S.D.N.Y. Dec. 2, 2015). Therefore, the Court concludes that $250 is an unreasonable rate for counsel's "Administrative Hours" and will award $75 per hour instead.

Having determined the reasonable rates, the Court next considers the reasonableness of the number of hours worked. The court will eliminate hours billed that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). It can do so by adjusting specific time entries submitted by the parties or by "deduct[ing] a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir.1998) (cleaned up). Plaintiff's counsel billed a total of 15.5 hours (4.5 administrative and 11 legal) over the course of five months. The Court finds that the amount of time billed for some entries strains credibility. In one instance, Plaintiff's counsel billed one hour to draft an eight-sentence letter to the Court. Dkt. No. 22 at 39 (referencing Dkt. No. 19). In *Independence Project, Inc.*, the court found that billing .60 hours to prepare a seven-sentence letter was excessive. 397 F. Supp. 482, 499 (S.D.N.Y. 2019). Counsel billed half an hour to review a three-sentence long order from the court and adjust his calendar accordingly. In *Access 4 All, Inc.*, the court found that ".50 hours to review a basic one and a half page Stipulation and Order" was an inflated time entry. *Access 4 All, Inc. v. Mid-Manhattan Hotel Assocs. LLC*, No. 13-CV-7995 (JMF), 2014 WL 3767009, at *3 (S.D.N.Y. July 31, 2014). On at least two occasions, counsel billed half an hour in order to file a document with the court. Dkt. No. 22 at 39. In light of the hours the Court finds excessive, the

Court will apply a 15% across-the-board reduction in total hours claimed. Therefore, the total reasonable number of hours for which Plaintiff may collect attorneys' fees is 13.18 hours (9.35 legal hours and 3.83 administrative hours). Given these adjustments, Plaintiff is awarded $3,092.25 in attorneys' fees.

4.  **Costs**

Federal and city law allows Plaintiff as the prevailing party to recover the costs he incurred during litigation. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f). Plaintiff requests 1) $400 for his court filing fee; 2) $200 for his process service fees; and 3) $1,500 for an "ADA inspection report." Dkt. No. 22 at 11. Plaintiff can recover $400 for his court filing fee. *See Feltzin v. Union Mall LLC,* 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019) ("Filing fees are recoverable without supporting documentation if verified by the docket."). Plaintiff is entitled to $80 in service of process fees. *Id.* ("Process server fees are also recoverable but must be supported by documentation."). Plaintiff's invoices on the docket demonstrate he has spent $80 in process server fees, which are recoverable. Dkt. Nos. 8–9.

Plaintiff also seeks recovery of $1,500 for an "ADA Inspection Report." While such costs may be recoverable, the Court denies Plaintiff's request. Apart from stating the expense in his motion and listing it in an exhibit entitled "Costs," Plaintiff has not filed any supporting documentation to establish that the inspection occurred. *See* Dkt. No. *See I.L.G.W.U. Nat'l. Ret. Fund v. ESI Group, Inc.*, 92 CIV. 0597 (PKL), 2003 WL 135797, at *4 (S.D.N.Y. Jan. 17, 2003) (explaining that a plaintiff's failure to submit bills or receipts can be "fatal" in his attempt to recover costs); *New York State Teamsters Council Health and Hosp. Fund v. Est. of DePerno*, 856 F. Supp. 725, 727 (N.D.N.Y. 1994) (noting that a court is "entitled to completely deny"

costs absent "bills or invoices to show that they were actually incurred"). Plaintiff is therefore entitled to recover $480 in costs.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for entry of default judgment. Defendants shall take all necessary steps to bring its property into compliance with the ADA within sixty days of the date of entry of this Order. Plaintiff is awarded $1,000 in compensatory damages and $500 in statutory damages. Plaintiff is further awarded $480 in costs and $3,092.25 in attorney's fees.

Plaintiff shall serve a copy of this Opinion and Order on the Defendants by October 11, 2021 and file an affidavit of service reflecting he has done so on the public docket.

This resolves Dkt. No. 22. The Clerk is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: September 27, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge